UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>ERIC LOPEZ<br><br>                              Defendant. | Case No.:  19-cr-0261 -L<br><br><br>**ORDER RE: SENTENCING** |

On June 17, 2019, Defendant Eric Lopez filed a Memorandum of Law in Support of his eligibility for a safety valve sentence reduction under the First Step Act. The government filed an opposition, and the parties have filed supplemental briefing as ordered by this Court.

I.    **BACKGROUND**

On December 26, 2018, Defendant Lopez was arrested at the Otay Mesa Port of Entry after methamphetamine was discovered in his car.  On March, 7, 2019, Defendant pled not guilty to count two of a superseding information charging him with importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960.[1] [ECF NOS. 18, 21.] Under the

---

[1] Defendant was originally charged with one count of importation of 21.04 kilograms of methamphetamine in violation of 21 U.S.C. §§ 952, 960. [ECF NO. 13.] The government later

statute of conviction, a five-year minimum mandatory sentence applies unless Lopez receives a reduction for safety valve.  21 U.S.C. §§ 952, 960.

## II.  LEGAL STANDARD

Under the safety valve provision of 18 U.S.C. § 3553(f), a court is authorized to issue "a sentence below the otherwise mandatory minimum in certain cases of diminished culpability." *United States v. Dominguez Benitez*, 542 U.S. 74, 78, (2004). "Errors in the determination of safety valve eligibility require resentencing even where the district court has indicated that it would not have sentenced below the mandatory minimum." *United States v. Mejia-Pimental*, 477 F.3d 1100, 1109 (9th Cir. 2007). "The defendant bears the burden of proving safety valve eligibility by a preponderance of the evidence." *Id.* at 1104 (citation omitted); *Dominguez-Benitez*, 542 U.S. at 78.

In December 2018, Congress implemented the First Step Act which enacted reforms to the criminal justice system, including changes to the safety valve provision.  Pub. L. No. 115-391, 132 Stat. 5194.  Prior to the changes, a defendant was eligible for relief only if he met the five conditions set forth in section 3553(f) and the same requirements of the Sentencing Guidelines in § 5C1.2.  Regarding criminal history, a defendant was not eligible for a sentence reduction under safety valve if he or she had more than one criminal history point under the old rubric.  *See* 18 U.S.C. § 3553(f)(2017); U.S.S.G. 5C1.2(a)(1).

With the new provisions of the First Step Act, a defendant must meet the following five conditions of § 3553(f)(1)-(5) to be eligible for safety valve relief, including the amended criminal history criteria:

(f) Limitation on applicability of statutory minimums in certain cases.- Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. §§ 841, 844, 846), section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. §§ 960, 963), or section 70503 or 70506 of title 46, the court shall

superseded the information to include the second charge of importation of 50 grams or more of methamphetamine under the same charging statute. [ECF NO. 18.]

impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that

> (1) the defendant does not have--
>> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>> (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>> (C) a prior 2-point violent offense, as determined under the sentencing guidelines.

> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

> (3) the offense did not result in death or serious bodily injury to any person;

> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

## III. DISCUSSION

### A. Safety valve

The parties agree that Defendant has met the criteria set forth in sections (2) through (5) of § 3553(f) to be eligible for safety valve relief, but debate whether his criminal

history score removes him from eligibility[2]. Defendant's only scoring conviction is a 2007 vandalism conviction that he received when he was twenty-two years old for spray painting a building. (Presentence Report at 8 [ECF NO. 22.]). He initially received a 91-day sentence and thirty-six months probation, but his probation was revoked in 2008 after he was convicted of grand theft and sentenced to sixteen months in custody. (*Id*.) As a result, his prior conviction scores 3 criminal history points for purposes of sentencing calculations. *See* U.S.S.G. §§ 4A1.1(a)("add 3 points for each prior sentence of imprisonment exceeding one year and one month"), 4A1.2(k)(1)("In the case of a prior revocation of probation . . . add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for 4A1.1(a), (b), or (c).")

Defendant contends that the statute is written in the negative: "does not have," followed by three criteria in the conjunctive with "and" written after the second criterion, which means that "a defendant is safety valve eligible if he does not have A + B & C." (Memorandum at 3 [ECF NO. 25.]). He claims that because he has a three-point conviction that qualifies under § 3553(f)(1)(B), but does not have a conviction that qualifies under part (A) or (C) of the rule he is eligible for safety valve. (*Id*.) In Defendant's view, this interpretation of the statute is supported by a plain reading of the text, basic canons of statutory interpretation, as well as the fact that the drafters chose to use the word "and" rather than "or" in the pertinent section indicating all of the listed criteria must be met to remove a defendant from eligibility. (*Id*.) Should the Court disagree with his analysis of the statute, he contends that it should nonetheless award him safety valve relief under the rule of lenity because the statute is ambiguous and he has

---

[2] The probation department prepared a Pre-sentence Report (PSR) in this case which did not recommend a safety valve reduction because "[t]he AUSA indicated LOPEZ has yet to meet the fifth criterion for safety valve relief pursuant to USSG 5C1.2." (PSR ¶ 17[ ECF NO. 22.]). The fifth criterion of § 5C1.2 is the requirement that the defendant truthfully disclose to the prosecutor what he did. *See* § 3553(f)(5). After the PSR was submitted, Defendant satisfied the fifth safety valve criterion. (Def. Mem. at 1). However, the prosecution now opposes Defendant's safety valve eligibility.

offered a plausible reading of the statutory language, therefore any ambiguity should be construed against the government, citing *United States v. Millis*, 621 F.3d 914, 916-17 (9th Cir. 2010) in support. (*Id*. at 5). In the alternative, Defendant argues that the Court has discretion to reduce his criminal history score based on overrepresentation and impose a sentence below the mandatory minimum. (Def. Supp. Brief at 2).

In the government's view, Defendant is not eligible for safety valve relief because he has one 3-point prior conviction which falls under § 3553(f)(1)(B), and the statutory language of 3553(f)(1) requires that the Court find that all of the criteria set forth in (A), (B), and (C) are not present. (Gov't Supp. Sent. Mem. at 7). In other words, the government claims that if a defendant has (A) or (B) or (C) he cannot receive the 2-point sentence reduction. The government argues that to construe the statute as Defendant suggests would lead to absurd results, and would mean that virtually all defendants could meet the safety valve threshold unless they had this specific and peculiar cocktail of criminal history, *i.e.* more than 4 criminal history points, a prior 3-point offense, and a prior 2-point violent offense. (*Id*. at 5). The government concedes that there is no guiding precedent at this time to support its position, but cites the United States Sentencing Commission (USSC), the Senate Judiciary Committee's summary of the First Step Act, and news articles which interpret the statute as the government suggests. (*Id*. at 4).

The Court begins its inquiry with the language of the statute. *United States v. Weitzenhoff*, 35 F.3d 1275, 1283 (9th Cir. 1993) (courts must look first to the language of the statute, and second to the legislative history when determining the meaning of a criminal statute.) "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co*., 519 U.S. 340, 341 (1997).

Section 3553(f)(1) of the First Step Act states that a defendant is eligible for safety valve relief if:

//

(1) the defendant **does not have**--

(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;

(B) a prior 3-point offense, as determined under the sentencing guidelines; **and**

(C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. § 3553(f)(1)(A)-(C)(emphasis added).

In dispute is the meaning of the word "and" to join (A), (B) and (C). Courts "generally construe the term in accordance with its ordinary, contemporary, common meaning." *Millis*, 621 F.3d 914, 917 (9th Cir. 2010). Given its common, every day meaning, the word "and" conjoins "two words, phrases, or parts of a sentence." Cambridge Dictionary https://dictionary.cambridge.org/us/dictionary/english/and. In the context of statutory drafting, phrases separated by the word "and" are usually interpreted in the conjunctive, unless to do so would thwart the legislative intent of the drafters. *See generally* 1A Sutherland Statutory Construction § 21:14 (7th ed. 2013). While generally a court must presume that the word "or" is used disjunctively to require only one of the listed criteria is required, there has been laxity in the use of terms "and" and "or" which has led some courts to interpret them interchangeably if to do so is necessary to effectuate the intent of the drafters. *Id*.

It is a basic rule of statutory interpretation that "identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v Stroop*, 496 U.S. 478, 484 (1990). The Supreme Court recently reaffirmed this notion, finding that a statutory phrase must have the same meaning throughout the text in all but extremely unusual situations. *United States v. Davis*, 139 S.Ct 2319, 2328 (June 24, 2019). Yet, "a word is known by the company it keeps" and context provides the meaning of statutory language. *Brown v. Gardner*, 513 U.S. 115, 118 (1994)(*citing Jarecki v. G.D. Searle & Co.*, 367 U.S. 303, 307 (1961).)

The parties agree that the word "and" is used within section 3553(f)(1)-(5) in the conjunctive to require that all five criteria are met before a defendant may be considered safety valve eligible. The word "and" is used again in section 3553(f)(1)(A)-(C). The parties disagree how to interpret it.

Section 3553(f) is a list of five factors joined by the word "and." The parties do not dispute that the word "and" between subsections (4) and (5) is conjunctive in that all five factors must be found true for a defendant to be safety-valve eligible. Of the five factors in section 3553(f), four are worded in the negative, including subsection (1). Subsection (1) is a list of conditions (A) through (C) preceded by the phrase "defendant does not have." The conditions are joined by the word "and." The parties disagree whether this word should be interpreted in the conjunctive, the same way as the word "and" between subsections (4) and (5), or in the disjunctive.

In this regard, subsection (1) is ambiguous. The reading adopted by the government is that a defendant is eligible only when he lacks all three conditions. Because Defendant has condition (B), he is not eligible. Although logical, this is not the only reasonable reading. Because subsection (1) is stated in the negative, one can also read it as stating that a defendant is eligible if he does not have condition (A), and he is eligible if he does not have condition (B), and he is eligible if he does not have condition (C). This alternative reading of subsection (1) applies "and" between conditions (B) and (C) in the conjunctive. The effect is, as Defendant suggests, that a defendant is eligible if he lacks any one of the conditions. Defendant meets only condition (B), and therefore he claims he is eligible. Because both constructions are reasonable, subsection (1) is ambiguous.

The government argues that the alternative reading leads to absurd results in that a defendant is ineligible only if he or she has a rare combination of conditions, i.e., he or she has more than 4 criminal history points, a 3-point conviction, and a 2-point violent felony conviction. The Court finds no merit to the government's argument that Defendant's reading of the statute would lead to absurd results, as courts have upheld

statutes where a statute leads to unexpected results, even in the case the government cites, *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 575 (1982). As the Court in that case noted:

> It is not enough merely that hard and objectionable or absurd consequences, which probably were not within the contemplation of the framers, are produced by an act of legislation. Laws enacted with good intention, when put to the test, frequently, and to the surprise of the lawmaker himself, turn out to be mischievous, absurd, or otherwise objectionable. But in such case the remedy lies with the lawmaking authority, and not with the courts.

*Id.* (citing *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930)).

Having determined that the statute is ambiguous, the Court is required to turn to legislative history to glean the intent of the drafters. *United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008)(internal citations omitted)("If the terms are ambiguous, we may look to other sources to determine congressional intent, such as the canons of construction or the statute's legislative history, related statutes and titles.")

There is a dearth of history available for this newly enacted statute. The only materials available appear to be various nonbinding publications issued to guide the courts. For instance, the Senate Judiciary Committee issued the following guidance:

> The existing safety valve is expanded to include offenders with up to four criminal history points, excluding 1-point offenses, such as minor misdemeanors. However, offenders with prior "3-point" felony convictions or prior "2-point" violent offenses will not be eligible for the safety valve.

S.3649- The First Step Act, https://www.judiciary.senate.gov/download/revised-first-step-_-section-by-section.

Similarly, the drafters of the bill issued a bulletin discussing the intent of each section, noting that the existing federal safety valve for mandatory minimum sentencing was expanded

//

//

. . . to include offenders with up to four criminal history points, excluding 1-point offenses, such as minor misdemeanors. However, offenders with prior "3 point" felony convictions (sentences exceeding one year and one month) or prior "2 point" violent offenses (violent offenses with sentences of at least 60 days) will not be eligible for the safety valve absent a judicial finding that those prior offenses substantially overstate the defendant's criminal history and danger of recidivism.

Committee on the Judiciary, The First Step Act of 2018 (S.3649)- *as introduced,* https://www.judiciary.senate.gov/download/revised-first-step-act_-summary.

While these non-binding extrinsic sources indicate that the intent was to remove a defendant from safety valve eligibility if he or she had any one of the criteria listed in section 3553(f)(1)(A)-(C), neither of these resources addresses the ambiguous language of the section.

Nor is there any guidance to be gleaned from the Sentencing Commission's safety valve provisions in section 5C1.2(a)(1) because it has not been updated to reflect the amended criminal history portion of the First Step Act, but still states that a defendant is not eligible for safety valve relief if he or she has more than one criminal history point. *See* U.S.S.G § 5C1.2; 18 U.S.C. § 3553(f).

Courts are left to carve a path with little guidance to navigate the conflict between section 3553(f)(1) and section 5C1.2 until the Sentencing Commission updates the Guidelines. In fact, the Sentencing Commission, Office of Education & Sentencing Practices, states that both the First Step Act and the Sentencing Guidelines must be read together, a daunting task under the circumstances. It states:

The changes made by the First Step Act were statutory and did not make any changes to the current text of the guidelines. Therefore, courts must use the new statutory safety valve criteria in determining whether the offender qualifies for statutory relief at 18 U.S.C. § 3553(f). One key difference between the two provisions is the number of criminal history points an offender can have. If so, the Court may impose a sentence "without regard to the mandatory minimum" that would otherwise be applicable. USSG §2D1.1(b)(18) provides for a 2-level reduction for offenders who meet the safety valve criteria set forth in subdivisions (1)-(5) of §5C1.2. Section 5C1.2

19-cr-0261 -L

still reflects the original statutory criteria and provides the defendant cannot have more than one criminal history point as determined under §4Al. l. Thus, as a matter of proper guideline application, the court should award the 2-level safety valve reduction at §2Dl.1 only if the offender is eligible for safety valve relief according to the guideline provision. Of course, the court has authority under 18 U.S.C. § 3553(a) to grant a similar 2-level reduction to the newly eligible safety valve offenders not meeting the guideline criteria. If the court should do so, it will be considered a variance from the guidelines.

United States Sentencing Commission Office of Education and Sentencing Practice, February 2019ESP Insider Express, First Step Act at 5-6, https://www.ussc.gov/sites/default/files/pdf/.../2019-special_FIRST-STEP-Act.pdf Neither the legislative guidance nor the Sentencing Guidelines assist the Court in resolving the ambiguity.

Defendant urges the Court to apply the rule of lenity because he has proffered a plausible reading of the statute and any ambiguity must be read against the government. The rule of lenity "requires courts to limit the reach of criminal statutes to the clear import of their text and construe any ambiguity against the government." *Millis*, 621 F.3d at 916-17. Importantly, the rule of lenity is not merely a convenient maxim of statutory construction, instead it is rooted in "fundamental principles of due process which mandate that no individual be forced to speculate . . . whether his conduct is prohibited." *Dunn v. United States*, 442 U.S. 100 (1979); *see also Lurie v. Wittner*, 228 F.3d 113 (2nd cir.1000) (treating rule-of-lenity claim as asserting denial of fair notice and thus denial of due process). The Supreme Court recently reaffirmed that "[v]ague laws contravene the 'first essential of due process of law' that statutes must give people 'of common intelligence' fair notice of what the law demands of them." *Davis,* 139 S.Ct. at 2325.

In the present case, Defendant is faced with an ambiguous statute that makes it unclear whether he is eligible for safety valve relief to reduce his five-year mandatory minimum sentence. In addition, the applicable sentencing guideline directly contradicts the newly enacted statute. *Cf.* USSG § 5C1.2, with 18 U.S.C. § 3553(f)(1). The

instruction provided by the Sentencing Commission that states that a Court must apply both section 5C1.2 and section 3553(f)(1) offers little assistance.

The safety valve provision applies to offenses which carry a mandatory minimum sentence, yet both the Senate Judiciary Committee and the Sentencing Commission refer to judicial discretion to grant a variance, indicating the drafters intended the courts to use the variance, if appropriate, to reduce an accused's criminal history under section 3553(f)(1) due to an overrepresentation of criminal history. The Commission suggests that a court may use section 3553(a) to grant a variance where an offender has more than 1 criminal history point and is therefore excludable under section 5C1.2, but still qualifies for safety valve under section 3553(f)(1)(A)-(C):

> Of course, the court has authority under 18 U.S.C. § 3553(a) to grant a similar 2-level reduction to the newly eligible safety valve offenders not meeting the guideline criteria. If the court should do so, it will be considered a variance from the guidelines.

U.S.S.G ESP Insider Express, First Step Act at 5-6. However, as indicated above, it is unclear whether a defendant must lack all of the criteria listed under § 3553(f)(1) to be eligible for safety valve relief, making it uncertain whether or when a court may exercise discretion and grant a variance.

Although the government claims that Congress would have added judicial discretion to the statute if it intended to include it, even Congress appears to believe that discretion is allowed. It states in its guidance to the First Step Act that the criteria in (A)-(C) apply "absent a judicial finding that those prior offenses substantially overstate the defendant's criminal history and danger of recidivism." Committee on the Judiciary, The First Step Act of 2018 (S.3649)- as introduced (emphasis added), https://www.judiciary.senate.gov/download/revised-first-step-act_-summary.

The scant available guidance indicates that courts may exercise discretion to find an overrepresentation of criminal history and grant a variance in some circumstances. However, the Ninth Circuit has held that mandatory minimums apply even where there is

an overrepresentation of a defendant's criminal history. *See United States v. Valencia-Andrade*, 72 F.3d 770 (9th Cir. 2014)(Court was troubled by the impact minor offenses had on defendant's sentence for possession of methamphetamine and reduced criminal history from II to I, but found mandatory minimum still applied per statute of conviction.) Not only is it unclear from the statute and Sentencing Guidelines whether Defendant is eligible for safety valve relief, it is also uncertain whether this Court has discretion to grant a variance under current Ninth Circuit authority.

The ambiguities in the statute must be resolved against the government to protect Defendant's right to fair warning and due process. *See McNally v. United States*, 483 U.S. 350 (1987)(superseded by statute on other grounds in *Skilling v. United States*, 561 U.S. 358 (2010)(" the rule of lenity applies where a criminal statute is vague enough to deem both the defendant's and the government's interpretations of it as reasonable.") To find Defendant safety valve ineligible on the basis of an ambiguous statute would contravene the purpose of the First Step Act and allow the government to benefit from the inartful drafting of a statute with dire consequences to defendants. *See Dunn v. United States*, 442 U.S. 100, 112 (1979).

The facts of Defendant's case add additional weight to a finding that the rule of lenity should apply. One of the key points and purposes of the First Step Act is to improve fairness in prison sentences by permitting courts to depart from the mandatory minimum under the broadened safety valve criteria when sentencing low-level, nonviolent drug offenders who cooperate with law enforcement.   The Revised First Step Act of 2018 (S.3649).  The parties agree that Defendant is a low-level nonviolent drug offender who has cooperated with law enforcement.  His prior conviction for spray painting a building is over ten years old, yet he faces a mandatory minimum five-year sentence.  Defendant was initially considered eligible for safety valve relief under USSG § 5C1.2 if he complied with section 3553(f)(5) by providing law enforcement everything he knew about the events surrounding his present offense. (PSR at 5; Plea Agreement at 8.)   After Defendant met subsection (5), the prosecution failed to recommend safety

valve relief based on his criminal history. Although probation's recommendation was not binding on the government, Defendant could understandably have expected that if he disclosed what he knew about the offense to law enforcement, he would be safety valve eligible. The fact that the criminal history portion of section 5C1.2 does not match the criminal history portion of section 3553(f)(1), and that it is unclear if courts have discretion to grant a variance, only underscores that Defendant had no notice that he would not receive a safety valve reduction. In sum, the age and nature of Defendant's prior vandalism offense, along with the ambiguity of the governing statute and guideline, support a finding that Defendant's constitutional right to fair warning and due process must be protected via the rule of lenity. *United States v. Lanier*, 520 U.S. 259, 266 (1997).

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that 18 U.S.C. § 3553(f)(1) is ambiguous as drafted. Based on the facts of Defendant's case, the Court applies the rule of lenity against the government, and further finds that Defendant may qualify for safety valve relief if he satisfies sections 3553(f)(2)-(5) of the First Step Act, or may qualify for a variance.

**IT IS SO ORDERED**

Dated:  8/21/2019

Hon. M. James Lorenz
United States District Judge